1 | ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
2 | dshinoff@as7law.com
Paul V. Carelli, IV (SBN 190773)
3 | pcarelli@as7law.com
Catherine S. Wicker, Esq. (SBN 306494)
4 | cwicker@as7law.com
2488 Historic Decatur Road, Suite 200
5 | San Diego, California  92106
Telephone: 619-232-3122
6 | Facsimile: 619-232-3122

7 | Attorneys for Defendants ANAHEIM UNION
HIGH SCHOOL DISTRICT, BRAD JACKSON,
8 | and DR. SUSAN FERENCZ

9 | **UNITED STATES DISTRICT COURT**

10 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 | **(SOUTHERN DIVISION)**

12 | VERONICA ORTEGA-GAMEZ,

Case No.: 8:16-cv-01562-AG-AS
Judge:      Hon. Andrew J. Guilford
13 | Plaintiff,
Dept.:      10D
Magistrate: Hon. Alka Sagar
14 | v.
Dept.:      Room 540

15 | ANAHEIM UNION HIGH SCHOOL
DISTRICT, a public entity; BRAD
**DEFENDANT ANAHEIM UNION**
16 | JACKSON, individually and in his
**HIGH SCHOOL DISTRICT, BRAD**
official capacity; DR. SUSAN
**JACKSON, AND DR. SUSAN**
17 | FERENCZ, individually and in her
**FERENCZ'S ANSWER TO SECOND**
official capacity; Does 1-10,
**AMENDED COMPLAINT**

18 | Defendants.
**DEMAND FOR JURY TRIAL**

19 | Action Date: August 24, 2016

20 |

21 | Defendants Anaheim Union High School District ("District"), and Brad Jackson

22 | and Dr. Susan Ferencz, individually and in their official capacities, hereby respond to

23 | Plaintiff Veronica Ortega-Gamez's Second Amended Complaint as follows:

24 | **I.**

25 | **RESPONSE TO JURISDICTION AND VENUE**

26 | 1.      Paragraphs 1 and 2 are legal conclusions.  Defendants agree that the Court

27 | has jurisdiction over the federal claims, and pendant jurisdiction over the state claims.

28 | / / /

ARTIANO SHINOFF

1

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

## II.

## RESPONSE TO ALLEGATIONS RE: PARTIES

2.     Defendants, and each of them, admit the material allegations in paragraphs 3 and 4.

3.     As to paragraph 5, Defendants, and each of them, admit that Mr. Jackson was the Director of Special Youth Services and is currently Assistant Superintendent, Human Resources Certificated, and admit that Mr. Jackson has served as Plaintiff's supervisor and evaluated Plaintiff. Defendants, and each of them, deny the remaining material allegations within that paragraph.

4.     As to paragraph 6, Defendants, and each of them, admit that Dr. Ferencz served as Coordinator, Special Youth Services, and deny the remaining material allegations within that paragraph.

5.     Defendants, and each of them, deny all material allegations in paragraphs 7 through 9.

## III.

## RESPONSE TO FACTUAL ALLEGATIONS

6.     Defendants, and each of them, admit the material allegations in paragraphs 10 and 11.

7.     Defendants, and each of them, deny all material allegations in paragraphs 12-49.

## IV.

## RESPONSE TO FIRST CAUSE OF ACTION

8.     As to paragraph 50, Defendants respond and incorporate by reference their responses to paragraphs 1 through 49.

9.     Defendants deny all material allegations in paragraphs 51 through 54.

## V.

## RESPONSE TO SECOND CAUSE OF ACTION

10.     As to paragraph 55, Defendants respond and incorporate by reference their

2

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

responses to paragraphs 1 through 54.

11.    Defendants deny all material allegations in paragraphs 56 through 59.

### VI.

### RESPONSE TO THIRD CAUSE OF ACTION

12.    As to paragraph 60, Defendants respond and incorporate by reference their responses to paragraphs 1 through 59.

13.    Defendants deny all material allegations in paragraphs 60 through 64.

### VII.

### RESPONSE TO FOURTH CAUSE OF ACTION

14.    As to paragraph 65, Defendants respond and incorporate by reference their responses to paragraphs 1 through 64.

15.    Defendants deny all material allegations in paragraphs 66 through 69.

### VIII.

### RESPONSE TO FIFTH CAUSE OF ACTION

16.    As to paragraph 70, Defendants respond and incorporate by reference their responses to paragraphs 1 through 69.

17.    Defendants deny all material allegations in paragraphs 71 through 74.

### IX.

### RESPONSE TO SIXTH CAUSE OF ACTION

18.    As to paragraph 75, Defendants respond and incorporate by reference their responses to paragraphs 1 through 74.

19.    Defendants deny all material allegations in paragraphs 76 through 79.

### X.

### RESPONSE TO SEVENTH CAUSE OF ACTION

20.    As to paragraph 80, Defendants respond and incorporate by reference their responses to paragraphs 1 through 79.

21.    Defendants deny all material allegations in paragraphs 81 through 83.

ARTIANO SHINOFF

3

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

## XI.

## RESPONSE TO EIGHTH CAUSE OF ACTION

22.    As to paragraph 84, Defendants respond and incorporate by reference their responses to paragraphs 1 through 83.

23.    Defendants deny all material allegations in paragraphs 85 and 86.

## XII.

## RESPONSE TO NINTH CAUSE OF ACTION

24.    As to paragraph 87, Defendants respond and incorporate by reference their responses to paragraphs 1 through 86.

25.    Defendants deny all material allegations in paragraphs 88 and 89.

## XIII.

## RESPONSE TO TENTH CAUSE OF ACTION

26.    As to paragraph 90, Defendants respond and incorporate by reference their responses to paragraphs 1 through 89.

27.    Defendants deny all material allegations in paragraphs 91 through 95.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants hereby assert the following affirmative defenses:

## XIV.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

## (Failure to State a Claim for which Relief May Be Granted)

28.    As a separate affirmative defense to the Second Amended Complaint, and each cause of action therein, Defendants allege that Plaintiff's Second Amended Complaint fails to allege facts or other allegations sufficient to constitute a cause of action against Defendants.

/ / /

/ / /

/ / /

4

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

ARTIANO SHINOFF

## XV.

## SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause)

29.     As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that their acts and omissions, if any, were not the proximate cause of the losses, damages, or other injuries alleged in Plaintiff's Second Amended Complaint.

## XVI.

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

30.     As a separate affirmative defense to the Second Amended Complaint, Defendants allege that their improper conduct, if any, was motivated by legitimate, non-discriminatory reasons.

## XVII.

## FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Exercise of Mandatory Duty – Government Code § 815.6)

31.     As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that to the extent Plaintiff's Second Amended Complaint is based upon Defendants' failure to discharge a mandatory duty, Defendants are immune from liability by virtue of their exercise of reasonable diligence in discharging that duty under Government Code section 815.6.

## XVIII.

## FIFTH AFFIRMATIVE DEFENSE

### (Exercise of Discretion Within Scope of Employment –

### Government Code § 820.2)

32.     As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that the acts or omissions complained of by Plaintiff were the result of the exercise of discretion vested in public

5

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

employees while acting within the scope of their public employment, and whether or not such discretion was abused, Defendants are immune from liability herein under the provisions of Government Code section 820.2.

## XIX.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

33.   As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's claims for damages are barred or reduced because she has failed to reasonably mitigate her damages.

## XX.

## SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

34.   As a separate affirmative defense to the Second Amended Complaint, Defendants allege that they are immune from liability to the extent their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## XXI.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity from Damages)

35.   Defendants allege that they have substantially complied in good faith with all State and Federal statutes and regulations, and are immune from damages for any harm which may have resulted from such good faith compliance with state and federal law.

## NINTH AFFIRMATIVE DEFENSE

### (Exercise of Discretion)

36.   As a separate affirmative defense to the Second Amended Complaint, Defendants allege that the acts or omissions contained of in the Second Amended

6

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

Complaint were the result of the exercise of discretion vested in employees.

## XXII.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

37.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff has failed to file a valid or timely administrative complaint with the Department of Fair Employment and Housing.

## XXIII.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Complaint Exceeds the Scope of Claims)

38.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that the allegations and theories set forth in the Second Amended Complaint exceed the scope of any administrative charges filed by Plaintiff with the Department of Fair Employment and Housing.

## XXIV.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

39.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that Plaintiff's recovery is barred by the equitable doctrine of laches.

## XXV.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

40.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that Plaintiff's claims, in whole or in part, are untimely under the applicable statute of limitations.

/ / /

ARTIANO SHINOFF

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

ARTIANO SHINOFF

## XXVI.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

41.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that Plaintiff's recovery, if any, is barred by the doctrine of unclean hands.

## XXVII.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

42.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's claims are barred by the equitable doctrine of estoppel.

## XXVIII.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

43.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's claims are barred by waiver.

## XXIX.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Government Code § 818)

44.    As a separate affirmative defense to the Second Amended Complaint, Defendants assert the immunity provided by Government Code section 818, which precludes any claims against a public entity for punitive damages.

/ / /

/ / /

/ / /

/ / /

8

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

**XXX.**

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Government Code § 820.4)**

45.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that they are in immune under the provisions of Government Code section 820.4.

**XXXI.**

**NINETEENTH AFFIRMATIVE DEFENSE**

**(General Governmental Immunity)**

46.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's Second Amended Complaint is barred by the provisions of Government Code sections 815, 815.2(b), 820(b), and 820.8.

**XXXII.**

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Government Code § 818.2)**

47.    As a separate affirmative defense to the Second Amended Complaint, Defendants allege that they are immune under the provisions of Government Code section 818.2.

**XXXIII.**

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Employment Would Have Ceased)**

48.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's claim for violation of the California Family Rights Act is barred because her employment as a school psychologist would have ended for other reasons.

/ / /

/ / /

9

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

# XXXIV.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

49.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that the equitable remedies sought by Plaintiff are not available because she has an adequate remedy at law.

# XXXV.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fitness for Duty Statement)

50.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that Plaintiff's claim for violation of the California Family Rights Act is barred because she did not provide a statement from her healthcare provider stating she was fit to return to work.

# XXXVI.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Efforts to Comply with the Law)

51.    As a separate affirmative defense to the Second Amended Complaint, Defendants assert that they engaged in good faith efforts to comply with the law.

# XXXVII.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

52.    As a separate affirmative defense to the Second Amended Complaint, Defendants are informed and believe, and thereon allege, that their actions with respect to Plaintiff were taken solely for legitimate, business reasons unrelated to any alleged protected expression or activity by Plaintiff, or any alleged discrimination, harassment, or retaliation.

/ / /

/ / /

10

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

ARTIANO SHINOFF

# XXXVIII.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Against Individual Defendants)

53.     As a separate affirmative defense to the Second Amended Complaint, the imposition of punitive damages against the individual defendants would violate their constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines and Cruel and Unusual Punishment clauses of the Eighth Amendment to the United States Constitution, as well as similar provisions of the California and United States Constitution.

# XXXIX.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

54.     Defendants do not have sufficient information to enable them to form a belief as to whether they have additional, as yet unstated, affirmative defenses. Therefore, Defendants reserve the right to assert such unknown defenses in the event that discovery reveals such defenses are appropriate.

55.

## REQUEST FOR RELIEF

WHEREFORE, Defendants Anaheim Union High School District, Brad Jackson, and Dr. Susan Ferencz pray as follows:

1. That Plaintiff shall take nothing by way of her Second Amended Complaint and judgment be entered in favor of the Defendants and each of them;

2. For costs of suit incurred herein; and

3. For all such other and further relief as the Court deems just and proper.

/ / /

/ / /

11

Case No. 8:16-cv-01562-AG-AS

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

1

## **DEMAND FOR JURY TRIAL**

2     Defendants hereby demand a jury trial.

3

4   Dated: December 27, 2016                    ARTIANO SHINOFF

5

6                                              By:  /s/ Paul V. Carelli, IV
7                                                   Daniel R. Shinoff
                                                     dshinoff@as7law.com
8                                                   Paul V. Carelli IV.
                                                     pcarelli@as7law.com
9                                                   Catherine S. Wicker
                                                     cwicker@as7law.com
10                                             Attorneys for Defendants ANAHEIM
                                               UNION HIGH SCHOOL DISTRICT,
11                                             BRAD JACKSON, and DR. SUSAN
                                               FERENCZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AS7 Law San Diego/1350/79/PL/S0322174.DOCX

1

**PROOF OF SERVICE**

2

**(State and Federal Court)**

3

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made.  My business address is 2488 Historic Decatur Road, Suite 200, San Diego, California 92106.

4

5

6

    On December 27, 2016, I served the following document(s):

7

**DEFENDANT ANAHEIM UNION HIGH SCHOOL DISTRICT, BRAD JACKSON, AND DR. SUSAN FERENCZ'S ANSWER TO SECOND AMENDED COMPLAINT**

8

9

10

☒   **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described as **DEFENDANT ANAHEIM UNION HIGH SCHOOL DISTRICT, BRAD JACKSON, AND DR. SUSAN FERENCZ'S ANSWER TO SECOND AMENDED COMPLAINT** on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system.  Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

11

12

13

14

David J. Duchrow, Esq.          Counsel for Plaintiff Veronica Ortega-Gamez
Jill Piano, Esq.
Duchrow & Piano, LLP
2510 Main Street, Suite 205
Santa Monica, CA 90405
T: (310) 452-4900; F: (310) 452-4901
Email: djduchrow@yahoo.com
iillatduchrowlaw@gmail.com

15

16

17

18

19

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 27, 2016, at San Diego, California.

20

21

                       /s/ Paul V. Carelli, IV
                       Paul V. Carelli, IV

22

23

24

25

26

27

28

ARTIANO SHINOFF

13

**Case No. 8:16-cv-01562-AG-AS**

AS7 Law San Diego/1350/79/PL/S0322174.DOCX