# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ORTEGA-GAMEZ,<br><br>     Plaintiff,<br><br>     v.<br><br>ANAHEIM UNION HIGH SCHOOL DISTRICT, a public entity; BRAD JACKSON, individually and in his official capacity; DR. SUSAN FERENCZ, individually and in her official capacity; Does 1-10,<br><br>     Defendants. | Case No.: 8:16-cv-01562-AG (ASx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>[Jury Trial Demanded] |

At least some of the documents and information ("materials") being disclosed or sought through discovery in the above-captioned action are normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain financial, commercial, or insurance information, or private information concerning student or employee records that would otherwise be protected by both federal and state privacy laws, including but not limited to FERPA and the United States and California Constitutions, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

Accordingly, the parties hereby stipulate to and petition the Court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**THEREFORE**:

<u>DEFINITIONS</u>

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" will include, but is not limited to:  medical records; financial records, including tax returns and schedules; documents; correspondence; memoranda; bulletins; minutes; telegrams; letters; statements; cancelled checks; contracts; drafts; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

Stipulated Protective Order                                    Case No. 8:16-cv-01562-AG-AS

3. The term "counsel" will mean outside counsel of record; other attorneys, paralegals, secretaries, and other support staff employed or retained by outside counsel of record; and in-house counsel for any party or for the insurer of any party.

<u>GENERAL RULES</u>

4. <u>Designation of Confidential Information</u>: Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, subpoenas, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or other information that the producing party believes should be subject to this Protective Order, may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page that contains Confidential Information. If the material being produced consists of physical materials, electronic information, or other material that is not subdivided into pages, the producing party shall inform the receiving party of the appropriate designation in writing and make a good-faith effort to ensure that the material is labeled in some fashion (for example, by labeling electronic media that contains electronic Confidential Information).

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good-faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ": Any party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good-faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to student or employee documents, financial or other business information.

c. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber or retard the case development process or to

2  impose unnecessary expenses or burdens on other parties) under the Federal Rules of

3  Civil Procedure and applicable law expose the designating party to sanctions.

4  　　　5.　　Producing Materials for Inspection:  If the producing party elects to

5  produce materials for inspection, no marking need be made by the producing party

6  before the initial inspection.  For purposes of the initial inspection, all materials

7  produced will be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter,

9  upon selection of specified materials for copying by the inspecting party, the

10  producing party must, within a reasonable time prior to producing those materials to

11  the inspecting party, mark the copies of those materials that contain Confidential

12  Information with the appropriate confidentiality marking.

13  　　　6.　　Depositions:  Whenever a deposition taken on behalf of any party

14  involves a disclosure of Confidential Information of any party:

15  　　　　　a.　　The deposition or portions of the deposition must be designated as

16  containing Confidential Information subject to the provisions of this Order; such

17  designation must be made on the record whenever possible, but a party may designate

18  portions of depositions as containing Confidential Information after transcription of

19  the proceedings; a party will have until seven (7) days after receipt of the deposition

20  transcript to inform the other party or parties to the action of the portions of the

21  transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR

22  COUNSEL ONLY."

23  　　　　　b.　　The disclosing party will have the right to exclude from attendance

24  at the deposition, during such time as the Confidential Information is to be disclosed,

25  any person other than the deponent, counsel (including their staff and associates),

26  parties, the court reporter, and the person(s) agreed upon pursuant to paragraph 8

27  below; and

28  ///

AS7 Law San Diego/1350/79/PL/S0337706.DOCX

1      c.     The originals of the deposition transcripts and all copies of the

2  deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

3  – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy

4  ultimately presented to a court for filing must not be filed unless it can be

5  accomplished under seal, identified as being subject to this Order, and protected from

6  being opened except by order of this Court.

7      7.     <u>Disclosure and Use of Confidential Information</u>:  All Confidential

8  Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone

10 other than those persons designated within this order and must be handled in the

11 manner set forth below and, in any event, must not be used for any purpose other than

12 in connection with this litigation, unless and until such designation is removed either

13 by agreement of the parties, or by order of the Court.

14     8.     <u>Disclosure of Material Designated "CONFIDENTIAL"</u>:  Information

15 designated "CONFIDENTIAL" may be disclosed only to:

16     a.     Counsel for the parties (as defined in paragraph 3);

17     b.     The parties, including any director, officer, or employee of any

18 party with a "need to know" the information;

19     c.     Insurers for any party, provided that they have executed the

20 attached Agreement to Be Bound by Protective Order;

21     d.     Experts and consultants who are providing advice in connection

22 with this action, provided that they have executed the Agreement to Be Bound by

23 Protective Order;

24     e.     Fact witnesses or potential percipient witnesses at or in preparation

25 for deposition or trial, provided that they have executed the Agreement to Be Bound

26 by Protective Order;

27 ///

28 ///

Stipulated Protective Order                          Case No. 8:16-cv-01562-AG-AS

1           f.       Professional vendors to whom disclosure is reasonably necessary

2 for this litigation, provided that they have executed the Agreement to Be Bound by

3 Protective Order;

4           g.       Certified Shorthand Reporters, including deposition and Court

5 reporters and their staff;

6           h.       The Court and any other trier of fact in this action, and their

7 personnel;

8           i.       Stenographic and clerical employees associated with the

9 individuals identified above; and

10           j.       Such other persons as may be designated by written agreement of

11 the parties or by court order.

12       9.     <u>Disclosure of Material Designated "HIGHLY CONFIDENTIAL –</u>

13 <u>ATTORNEYS' EYES ONLY"</u>:  Information designated "HIGHLY CONFIDENTIAL

14 – ATTORNEYS' EYES ONLY" may be disclosed only to:

15           a.       Counsel for the parties (as defined in paragraph 3);

16           b.       Independent experts and consultants who are providing advice in

17 connection with this action, provided that they have executed the Agreement to Be

18 Bound by Protective Order;

19           c.       Professional vendors to whom disclosure is reasonably necessary

20 for this litigation, provided that they have executed the Agreement to Be Bound by

21 Protective Order;

22           d.       Certified Shorthand Reporters, including deposition and Court

23 reporters, and their staff;

24           e.       The Court and any other trier of fact in this action, and their

25 personnel;

26           f.       Stenographic and clerical employees associated with the

27 individuals identified above; and

28 ///

Stipulated Protective Order            Case No. 8:16-cv-01562-AG-AS

g.     Such other persons as may be designated by written agreement of the parties or by court order.

10.     Disclosure to Authors and Recipients:  With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document from the originator or author, may be shown the same.

11.     Storage of Confidential Information:  All information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3,[1] except that independent experts authorized to view such information under the terms of this Order may retain custody of any copies necessary for their participation in this litigation.

12.     Executed Agreements to Be Bound by Protective Order:  The counsel of record who has secured any executed Agreement to Be Bound by Protective Order from any individual or entity shall maintain it in his or her files until the conclusion of this action, including any appeals.  Absent counsel of record's consent, an executed Agreement to Be Bound by Protective Order may be discovered only by court order.

13.     Duty to Request Filing Under Seal:  Before any materials that are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

///

---

[1] Documents stored by vendors retained by outside counsel of record shall be considered to be in the custody of outside counsel of record, provided that such vendors have executed the Agreement to Be Bound by Protective Order.

Stipulated Protective Order                              Case No. 8:16-cv-01562-AG-AS

14.   <u>Objecting to Designations</u>:  At any stage of these proceedings, any party may object to a designation of information as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the party asserting confidentiality may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15.   <u>Unauthorized Disclosure</u>:  All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.   <u>Failure to Designate</u>:  No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.   <u>Post-Production Designation</u>:  If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the

8

AS7 Law San Diego/1350/79/PL/S0337706.DOCX

materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. <u>Privileged Documents</u>: Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. <u>Providing Advice</u>: Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. <u>No Admission of Relevance</u>: This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by any party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. <u>Disclosure Required by Law</u>: Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. <u>Final Disposition of Confidential Information</u>: Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda,

9

motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. <u>Public Information</u>: The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already in the public domain or is public knowledge; (c) the parties agree, or the Court rules, has become in the public domain or is public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. <u>Disclosure to Legitimate Recipients</u>: The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information by anyone bound by this Order, with anyone who already has or obtains legitimate possession of that information.

25. <u>Notice</u>: Transmission by email or facsimile is acceptable for all notification purposes within this Order.

26. <u>Subsequent Modification by the Parties</u>: This Order may be modified by agreement of the parties, subject to approval by the Court.

27. <u>Subsequent Modification by the Court</u>: The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

10

AS7 Law San Diego/1350/79/PL/S0337706.DOCX

Without a separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

28.     Sanctions:  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


Dated:  April 13, 2017                    ARTIANO SHINOFF

                                          By:   /s/  Paul V. Carelli, IV
                                                Daniel R. Shinoff
                                                dshinoff@as7law.com
                                                Paul V. Carelli, IV
                                                pcarelli@as7law.com
                                          Attorneys for Defendants
                                          ANAHEIM UNION HIGH SCHOOL
                                          DISTRICT,  BRAD JACKSON,
                                          AND DR. SUSAN FERENCZ

Dated:  April 13, 2017                    DUCHROW & PIANO, LLP

                                          By:   /s/ David J.Duchrow
                                                David J. Duchrow
                                                diduchrow@yahoo.com
                                                Jill A. Piano
                                                jillatduchrowlaw@gmail.com
                                          Attorneys for Plaintiff
                                          VERONICA ORTEGA-GAMEZ

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: _April 17, 2017__

                                          _/S/ Alka Sagar_____
                                          Hon. Alka Sagar
                                          United States Magistrate Judge

Stipulated Protective Order                    Case No. 8:16-cv-01562-AG-AS